# CIRCUIT COURT OF ARLINGTON COUNTY

Clemente

v.

Clemente

November 9, 2001

Case No. (Chancery) 01-81

BY JUDGE JOANNE F. ALPER

This matter comes before the Court on the third-party Media General's Motion to Quash Subpoena *Duces Tecum*. The Court heard argument from counsel for Media General and the Complainant on October 5, 2001. In addition, the Court has received supplemental memoranda from both parties. The Court has carefully considered all the memoranda, the argument and the relevant case law. After significant consideration, the Court denies the Motion to Quash and orders Media General to comply with the subpoena *duces tecum*.

The Court believes it is appropriate to follow the three part test set forth by the Fourth Circuit in *LaRouche v. National Broadcasting Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986); *see also, Stickles v. General Rental Co.*, 750 F. Supp. 729, 731 (E.D. Va. 1990). This three-part test balances (1) whether the information sought is relevant, (2) whether the information sought can be obtained by alternate means, and (3) whether there is a compelling interest in the information.

Applying the facts of this case to the test outlined above, the Court believes that the balance tips in favor of disclosure. The information sought by the Complainant is relevant because there is a central dispute in this case as to the net worth of the Respondent, Mr. Clemente. Although the editors of the *Virginia Business* article rate their confidence in the information relied upon for Mr. Clemente's net worth as merely conjecture, it is still relevant for purposes of this proceeding. The Court does not believe that the Complainant can obtain this information from alternate sources. The nature of the

information Media General relied upon to determine Mr. Clemente's net worth for its article is not specific, but it is likely that it is not otherwise available to Mrs. Clemente. It is especially relevant if Mr. Clemente provided some or all of the information. Finally, Complainant's interest in the information stems from her desire to obtain an accurate determination of the value of the marital estate. This information may be used to verify or challenge the information that the Complainant has obtained through other discovery methods.

This relevance must be balanced against Media General's interest in protecting the newsgathering process. Media General relies on caselaw where various courts have upheld the qualified reporter's privilege. *See, Brown v. Commonwealth*, 214 Va. 755, 204 S.E.2d 429, *cert. denied*, 419 U.S. 966 (1974) (stating "the privilege of confidentiality should yield only when the defendant's need is essential to a fair trial"); *O'Neil v. Oakgrove Const., Inc.*, 528 N.Y.S.2d 1, 3, 523 N.E.2d 277, 279 (N.Y. 1998) (holding that subpoenas could hamper the ability of the press to freely collect and edit the news).

The Court understands Media General's position of protecting its reporters from burdensome subpoenas which may stifle the free flow of information through the press. However, the Court does feel that the information used by Media General to estimate Mr. Clemente's net worth is relevant to the pending divorce action and is not otherwise available to Mrs. Clemente. There is a compelling reason to obtain accurate information in this case. The fact that the information is not confidential tips the balance in favor of disclosure. *Stickles v. General Rental Co.*, 750 F. Supp. 729, 733 (E.D. Va. 1990).

Thus, after balancing the burdens to both sides, the Court finds that the balance favors disclosure. Therefore, the Motion to Quash is denied.