Steven J. HATFILL, Plaintiff,

v.

The NEW YORK TIMES COMPANY, Defendant.

No. CIV.A. 1:04CV807(CMH/LO).

United States District Court,
E.D. Virginia,
Alexandria Division.

Nov. 3, 2006.

Patrick Pearse O'Donnell, Thomas Gerard Connolly, Harris Wiltshire & Grannis LLP, Washington, DC, for Plaintiff.

Jay Ward Brown, John Bernard O'Keefe, Levine Sullivan Koch & Schulz LLP, Washington, DC, for Defendant.

## ORDER

O'GRADY, United States Magistrate Judge.

Upon consideration of the pleadings, arguments at the hearing, the subsequent submission (Dkt.143) and for good cause shown, it is

ORDERED Plaintiff's Motion to Compel Production of Documents Stored at Home by Times Employees (Dkt.117) is DENIED. Plaintiff has brought this defamation action against Defendant, after Defendant published a series of columns, written by Nicholas Kristof, alleging that Plaintiff was involved in the anthrax attacks which killed five people in 2001. Pursuant to 28 U.S.C. § 1332, this action comes to this Court under its diversity jurisdiction. Plaintiff served a request for Production of Documents, under Fed. Rule Civ. P. 34, on Defendant, asking for documents related to published and unpublished reporting on the anthrax attacks involving a number of Defendant's reporters and researchers.[1] However, this motion to compel concerns only the potentially responsive documents in the physical possession of William Broad, a science reporter for Defendant, specifically 6,000 words of interview notes stored on Mr. Broad's personal flash memory drive.[2]

## I. Background

On September 15, 2006, Plaintiff deposed Mr. Broad, pursuant to a Rule 45 subpoena.[3] During the deposition, Mr. Broad stated that he stored his unpublished materials, including the 6,000 words of interview notes related to his investigation of the anthrax attacks, on his flash drive. Mr. Broad stated that the notes memorialized approximately thirty interviews with different sources and that the sources provided the information in reliance on Mr. Broad's promise to keep the sources' identities in confidence or to keep the information confidential and use only it for Mr. Broad's background knowledge. Mr. Broad does not recall showing the contents of the notes to anyone, including his editors at Defendant's newspaper. The flash drive, containing the notes, is always in the personal possession of Mr. Broad, although he regularly attaches the drive to computers owned by Defendant as part of his work duties.

Plaintiff argues that Defendant has failed to fully respond to its request for production because Defendant has not produced Mr. Broad's 6,000 word notes related to the anthrax investigation. Plaintiff contends that these notes are within Defendant's "possession, custody and control" regardless of whether the employee keeps the notes at home or at work and thus must be produced in response to a production request, pursuant to Rule 34(a). Plaintiff further argues that the notes are discoverable material, pursuant to Rule 26(b)(1), based on depositions of both Mr. Kristof and Mr. Broad as well as e-mail communications between the two reporters. Defendant argues that the notes are in the sole personal possession, custody, and control of Mr. Broad and thus Defendant is not required to produce the notes under Rule 34. In the alternative, Defendant argues that even if Defendant had possession, custody or control of the notes that the notes should be

1. The original request included reporting, articles, or columns which William Broad, Judith Miller, Nicholas Wade and Cornelia Dean drafted, researched, provided consultation or comment, sent, received, or prepared. However, Ms. Miller is no longer an employee of Defendant and took whatever responsive documents she may have possessed with her. Neither Mr. Wade nor Ms. Dean have documents that would be responsive to the request. Thus this motion to compel concerns only documents related to Mr. Broad. Further, Defendant produced all responsive documents, it deemed non-privileged and in its possession, custody or control, relating to Mr. Broad. Thus the narrow focus of this motion is on responsive documents relating to Mr. Broad which Defendant states are not in its possession, custody or control and further which Defendant claims are protected under a reporter's privilege.

2. A flash drive is re-writable storage device integrated with a USB interface. The drive is small and lightweight such that it can attached to key chain or lanyard. To access the data stored on a flash drive, the flash drive must be attached to a computer for power, but the computer can read the files off the flash drive without saving them to the computer's hard drive.

3. Plaintiff served this subpoena on Mr. Broad on August 9, 2006. The subpoena was issued from the United States District Court for the District of New Jersey and did not include a request for Mr. Broad to bring any documents, as would have been permitted by Rule 45(a)(1)(C).

protected from compelled disclosure by Rule 26 and by the reporter's privilege under the Constitution and state law.

## II. Possession, Custody or Control under Rule 34(a)

■ Under Rule 34, the party responding to a production request must provide responsive documents which are in the possession, custody or control of the party. *See* Fed. R.Civ.P. 34(a)(1). The U.S. Court of Appeals for the Fourth Circuit has not interpreted the phrase "possession, custody or control." However, a number of district courts within the Fourth Circuit have considered this issue. The U.S. District Court for the Western District of Virginia found that in Rule 34, control is defined as actual possession of a document or "the legal right to obtain the document on demand." *Terry v. Modern Investment Co. Ltd.*, 2006 WL 2434264, *6, 2006 U.S. Dist. LEXIS 58553, *22 (W.D.Va. Aug. 21, 2006) (quoting *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir.1984)). *See also Steele Software Systems, Corp. v. Dataquick Information Systems, Inc.*, 237 F.R.D. 561, 563, 2006 U.S. Dist. LEXIS 74987, *6 (Md. Oct. 2, 2006). This two-prong definition comports with the findings of other circuits. *See Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 160 (3rd Cir.2004); *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995).

In this case, Defendant does not have physical possession of the flash drive containing Mr. Broad's notes. While Mr. Broad may have used computers owned by Defendant in order to access the flash drive, according to Mr. Broad, the notes themselves have not been stored on Defendant's computers. The only question remaining is whether Defendant has a legal right to obtain the notes from Mr. Broad. Defendant argues that it ceded to its reporters any right to possess or control dissemination of notes and unpublished materials.[4] In relinquishing these rights, Defendant sought to remove uncertainty for reporters regarding dissemination of unpublished material that the reporter generates or obtains. This policy is embodied in both the collective bargaining agreement with its reporters' union [5] requiring Defendant to provide legal representation to reporters who elect not to comply with subpoenas for their confidential work product as well as Defendant's Records Retention Policy.[6] Finally, Defendant allows reporters to take such notes and unpublished materials with them if they leave Defendant's employment, as Ms. Miller did. The Court finds that these actions show that Defendant has ceded any legal rights to Mr. Broad's notes, and that its policy also has a clear substantive purpose and is not an artificial wall created for the purpose of avoiding discovery requests.

The Court, therefore, finds that Defendant does not have possession, custody or control under the two-prong definition of control under Rule 34(a); thus, this Court will not compel Defendant to produce Mr. Broad's notes.

## III. Notes Protected by Qualified Reporter's Privilege

■ Even if Defendant had possession, custody or control of Mr. Broad's notes, the Court finds that, under the applicable state law, the notes, while discoverable under Rule 26 standards, would be protected from disclosure by the qualified reporter's privilege.

Under Rule 26, information is relevant to discovery requests if it is "reasonably calculated to lead to discovery of admissible evidence." *See* Fed.R.Civ.P. 26(b)(1). In this case, the notes requested by Plaintiff relate

---

**4.** *See* Declaration of William E. Schmidt at ¶ 2, Appendix to Opposition of Defendant to Plaintiff's Motion to Compel Production of Documents Stored at Home by Times Employees, *Hatfill v. New York Times Co.*, No. 04–cv–807 (E.D.V.A. Oct. 25, 2006).

**5.** *See* New York Times/Guild Contract, Art XV, ¶ 11, Exhibit A to Opposition of Defendant to Plaintiff's Motion to Compel Production of Documents Stored at Home by Times Employees, *Hat-*

*fill v. New York Times Co.*, No. 04–cv–807 (E.D.V.A. Oct. 25, 2006).

**6.** *See* New York Times Company Records Retention Policy, Records Retention Schedule, ¶ 1, Exhibit B to Opposition of Defendant to Plaintiff's Motion to Compel Production of Documents Stored at Home by Times Employees, *Hatfill v. New York Times Co.*, No. 04–cv–807 (E.D.V.A. Oct. 25, 2006).

to the central issue of the case and the information contained in the notes could lead to admissible evidence, thus meeting this standard.

■ However, the notes are not discoverable because they are protected by the qualified reporter's privilege under Virginia state law.[7] Under Virginia law, reporters have a qualified privilege against disclosure of confidential sources in public figure defamation cases. *See Philip Morris Companies, Inc. v. American Broadcasting Companies,* 1995 WL 301428 (Va. Cir. Ct.1995). Per the guidance of *Branzburg v. Hayes,* 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972), the Virginia court found that it must balance the interests involved when compelling the identification of confidential sources. *Id.* In doing so, the Virginia courts have applied the three-part balancing test adopted by the Fourth Circuit in *LaRouche v. National Broadcasting Co., Inc.,* 780 F.2d 1134 (4th Cir.1986). *See Philip Morris,* at *6; *see also Clemente v. Clemente,* 56 Va. Cir. 530, 2001 WL 1486150 (Va. Cir. Ct.2001). Further, the *LaRouche* test has been applied to unpublished materials in the possession of a reporter in addition to the identity of a reporter's sources. *See Stickels v. General Rental Co.,* 750 F.Supp. 729, 732 (E.D.Va.1990).

■ Under the *LaRouche* test, the court considers: "(1) whether the information is relevant, (2) whether the information can be obtained by alternate means, and (3) whether there is a compelling interest in the information." *LaRouche,* 780 F.2d at 1139. Applying the facts of this case to the *LaRouche* test, the Court finds that the balance tips in favor of protecting Mr. Broad's notes, which contain both confidential sources as well as confidential unpublished information.

The standard for relevance under *LaRouche* is higher than the standard under Rule 26. Under *LaRouche,* the information must be actually relevant. In *Philip Morris,* the Virginia court found that information about the confidential source is relevant to the state of mind of the reporter at the time the reporter made the allegedly defamatory statements. *Id.* at *8. In this case, the Court has reviewed the excerpts from the depositions of Mr. Broad and Mr. Kristof as well as emails exchanged between the two reporters. These documents reveal that Mr. Broad and Mr. Kritstof reviewed and perhaps commented on each other's near final work product, but do not show that Mr. Broad shared his notes or sources with Mr. Kristof. Mr. Broad appears to have provided general journalistic advice to Mr. Kristof. Finally, the sources discussed between the two reporters appear to already have been known to both Mr. Kristof and Mr. Broad and were not confidential in nature. Thus the Court finds that Plaintiff has not shown that Mr. Broad has shared the contents of his notes with Mr. Kristof. Since Mr. Broad has maintained the confidentiality of his notes, there is no evidence that Mr. Kristof has been privy to their contents. Thus, the contents of Mr. Broad's notes have not been shown to have been relevant to Mr. Kristof's state of mind or contributed in any way at the time he made the allegedly defamatory statements and are therefore not relevant under the *LaRouche* test.

Neither party disputes that Plaintiff contends that it can not determine the contents of Mr. Broad's notes through alternate means, because Mr. Broad has not shared the contents of the notes with anyone else. Thus, the Court is in agreement with Plaintiff that this information is not available by means other than compelled disclosure.

The final part of the *LaRouche* test considers whether there is a compelling interest in the information. Defendant argues that Plaintiff has not demonstrated that he has any compelling need for the information. The Court agrees. As demanded by *Branzburg,* the Court must make a case-by-case analysis of the needs of the plaintiff. 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972). Plaintiff does not have a clear idea of what information Mr. Broad's notes contain, as Mr. Broad has stated that he doesn't recall ever sharing his notes with anyone, including Mr. Kristof. Plaintiff has also

---

7. This Court applies Virginia law to the issue of reporter's privilege. *See Hatfill v. New York Times,* No. 04–cv–807, Dkt.# 121 (E.D.V.A. Oct. 20, 2006), *aff'd* Dkt.# 147 (E.D.V.A. Oct. 31, 2006) (order compelling the identity of Defendant's confidential sources).

failed to articulate any evidence that it reasonably believes these notes contain evidence that Mr. Broad shared information with Mr. Kristof relevant to the alleged defamatory statements. Given this missing link, Plaintiff fails to articulate a compelling need to obtain the information from Mr. Broad in order to prove its defamation case based on articles written by Mr. Kristof.

## IV.   Conclusion

Mr. Broad's notes are not discoverable under Rule 34 request for production served on the Defendant because Defendant lacks possession, custody, or control of the notes. Further, even if Defendant had possession, custody, or control of the notes, the notes would be protected by the qualified reporter's privilege as recognized by Virginia law and thus not discoverable.